IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTHGATE COUNTRY CLUB MANAGEMENT, LLC | § § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL ACTION NO._____ |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY | § § § § | |
| *Defendant* | § § | |

## COMPLAINT

TO THE HONORABLE COURT:

NORTHGATE COUNTRY CLUB MANAGEMENT, LLC, Plaintiff, files this Complaint against Defendant, Philadelphia Indemnity Insurance Company:

### PARTIES

1. Plaintiff, Northgate Country Club Management, Inc., is a limited liability company doing business in Harris County, Texas.

2. Defendant, Philadelphia Indemnity Insurance Company ("Philadelphia") is an insurance company doing business in Texas and can be served through its identified agent for service with the Texas Department of Insurance, CT CORPORATION, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331 as the lawsuit pertains to federal question(s) regarding a flood insurance policy under the National Flood Insurance Program.

4. Venue is proper under 28 U.S.C. Section 1391(b)(2), because a substantial part of the events giving rise to the claims herein took place within this district.

## BACKGROUND FACTS

5. Northgate would show that its cause of actions arise out of the natural disaster of Hurricane Harvey as it struck the Houston area on August 24-28 ,2017. As a result of the torrential rain caused by Hurricane Harvey, Northgate's buildings, structures and interiors of same (the "Property") were severely damaged by water intrusion. The Property in question could not be reached until August 28, 2017. An inspection of the site on that date revealed that the buildings and structures affected on Northgate's premises were uninhabitable, unusable and constituted health hazards as a result of the water intrusion. As a result of the obvious damage, Northgate immediately began contacting several local remediation businesses, but, none could timely come to help.

6. Desperate for help, Northgate contacted "Disaster Relief and Mold Remediation" ("DRMR") an Ohio company on August 31, 2017. On that same date, Vaughn Perkins, a representative of DRMR appeared on the property and began to negotiate for the services of his company to tear out walls, insulation, and dry the interior of the buildings in question so that the Northgate's business could begin reconstruction and get back in business as soon as possible. Northgate and DRMR entered into an agreement titled "Work Authorization Agreement." This agreement stated that all recoupment of invoiced work of DRMR would be sought from the

insurance company and not by the Northgate. Specifically, the parties crossed out and initialed the following provision: "[Northgate] agrees to pay Disaster Relief upon receipt of its invoice" to reflect the understanding the payment of the invoices would be paid pursuant to the insurance company's recommendations. In addition, the "Work Authorization Agreement" authorized "DRMR" to work directly with the insurance company on Northgate's behalf to obtain the payment.

7. Northgate held flood insurance policies on the Property through Philadelphia Indemnity Insurance Company ("Philadelphia" or "Defendant"). Northgate timely notified Philadelphia of the loss suffered to the property as a result of Hurricane Harvey. Philadelphia assigned Gary Fields of Coastal Claims to evaluate the damage suffered to Northgate's property. Upon information and belief, Mr. Fields failed or refused to work with DRMR despite being informed that DRMR had permission to negotiated insurance proceeds on Northgate's behalf. Mr. Fields evaluated the damages suffered by Northgate and estimated the remediation work. This amount differs substantially from the amount invoiced by DRMR which totaled approximately $1,035,000.00.

8. Mr. Fields and/or Defendant was notified of the discrepancy between the adjusted amount and the invoices of DRMR but they refused to adjust the amount to policy limits to substantially pay off DRMR. Other agents and/or employees of Philadelphia further failed to adequately adjust the amounts to be paid under the claims to policy limits.

9. Due to Philadelphia's failure to adjust its evaluated amount on the Property and pay a higher amount, DRMR filed a lien on Northgate's property and filed a lawsuit in Harris County, Texas to foreclose on the lien. Philadelphia was notified of the lawsuit titled Cause No. 2018-06571; *Disaster Relief Restoration and Mold Remediation, Inc. v. Northgate County Club*

*Management, LLC et al*; In the 113th District Court of Harris County, Texas through its agent but has failed to adjust the amount paid to the policy limits to cover, in part, the amounts claimed by DRMR.

10. Based on the foregoing facts, Northgate brings the followings claims:

## COUNT I
## BREACH OF CONTRACT

11. Northgate re-alleges Paragraphs 1-10 above as for Count I as if fully set forth herein.

12. Pursuant to the insurance policies, and/or insurance contract, that Northgate purchased from Philadelphia, Philadelphia had the duty to investigate and pay Northgate policy benefits for claims made for damages caused by hurricane, water and/or windstorm damage to the Property. As a result of these damages, which is covered under the policies with Philadelphia, the Property suffered extensive property damage which necessitated the need for remediation and repair of the Property. Philadelphia failed to issue payment up to policy limits to pay for the covered remediation work, Philadelphia has breached its contractual obligations and the subject insurance policy by failing to pay Northgate policy benefits for the costs to properly remediate the Property. As a result of this breach of contract, Northgate has suffered damages as described in this Complaint.

## CONCLUSION

NORTHGATE COUNTRY CLUB MANAGEMENT, LLC prays that this Court:

(a) award it a judgment against Defendant, Philadelphia Indemnity Insurance Company in an amount to be established through evidence acceptable to this Court;

(b) award it such other and further relief as is appropriate and just.

Dated:  January 14, 2019.

                Respectfully submitted,

By:    */s/ Matthew A. Kornhauser*
      Matthew A. Kornhauser
      Texas Bar No. 00791758
      kornhauser@hooverslovacek.com
      Christopher J. Kronzer
      Texas Bar No. 24060120
      kronzer@hooverslovacek.com
      HOOVER SLOVACEK LLP
      Galleria Tower II
      5051 Westheimer, Suite 1200
      Houston, Texas 77056
      Telephone: 713-977-8686
      Facsimile: 713-977-5395

***ATTORNEYS FOR PLAINTIFF, NORTHGATE COUNTRY CLUB MANAGEMENT, LLC***