United States District Court
Southern District of Texas

**ENTERED**

June 16, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NORTHGATE COUNTRY CLUB          §
MANAGEMENT, LLC,                §
                                §
            Plaintiff,          §
                                §
v.                              §     CIVIL ACTION NO. H-19-0144
                                §
PHILADELPHIA INDEMNITY          §
INSURANCE COMPANY,              §
                                §
            Defendant.          §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Northgate Country Club Management, LLC ("Plaintiff")
asserts an insurance breach-of-contract claim against Philadelphia
Indemnity Insurance Company ("Defendant").[1]  Pending before the
court is Defendant's Motion for Summary Judgment on Behalf of
Philadelphia Indemnity Insurance Company ("Defendant's MSJ")
(Docket Entry No. 13).  For the reasons explained below, the motion
will be granted.

## I.   Factual and Procedural Background

The facts are not disputed.  Plaintiff owns property that
suffered flooding and water damage caused by Hurricane Harvey in

---

[1]Complaint, Docket Entry No. 1, p. 4 ¶¶ 11-12.  All page
numbers for docket entries in the record refer to the pagination
inserted at the top of the page by the court's electronic filing
system, CM/ECF.

August of 2017.[2]  Shortly after the hurricane Plaintiff hired a flood remediation service to restore the property.[3]  Plaintiff then sought reimbursement for the costs it incurred through its flood insurance policies issued by Defendant.[4]

Plaintiff's policy is a Standard Flood Insurance Policy ("SFIP") under the National Flood Insurance Program ("NFIP") created by the National Flood Insurance Act of 1968 and regulated by the Federal Emergency Management Agency ["FEMA"].[5]  See Gallup v. Omaha Property and Casualty Insurance Co., 434 F.3d 341, 342 (5th Cir. 2005) (summarizing the legal mechanics of the NFIP).  The SFIP is "'a regulation of [FEMA], stating the conditions under which federal flood-insurance funds may be disbursed.'"  Marseilles Homeowners Condominium Association Inc. v. Fidelity National Insurance Co., 542 F.3d 1053, 1054 (5th Cir. 2008).  The terms of the SFIP's General Property Form are promulgated by FEMA and published in the Code of Federal Regulations.  See 44 C.F.R. 61, App. A(2).  The SFIP requires policyholders to submit proof of loss to the carrier within 60 days, and compliance is a condition

---

[2]Id. at 2 ¶ 5.

[3]Id. at 2-3 ¶¶ 6-7.

[4]Id. at 3-4 ¶¶ 7-9.

[5]Memorandum in Support of Plaintiff, Northgate Country Club Management, LLC's Response to Philadelphia Indemnity Insurance Company's Motion for Summary Judgment ("Plaintiff's Memorandum in Support of Response"), attachment 1 to Plaintiff, Northgate Country Club Management, LLC's Response to Philadelphia Indemnity Insurance Company's Motion for Summary Judgment ("Plaintiff's Response to Defendant's MSJ"), Docket Entry No. 16-1, p. 3.

precedent to any lawsuit for an amount allegedly owed under the
policy.  44 C.F.R. 61, App. A(2), Arts. VII(J)(4), VII(R).  See
Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998) (holding that
a federal flood insurance claim is barred if a plaintiff does not
satisfy the proof-of-loss requirement).  In the wake of Hurricane
Harvey, however, FEMA waived the 60-day deadline and imposed a 365-
day deadline instead.[6]  It is undisputed that Plaintiff did not
submit any proof of loss before or after these deadlines.[7]

Although no proof of loss was submitted, Defendant
acknowledged Plaintiff's claims under the policy and assigned an
independent adjuster.[8]  After assessing the adjuster's estimates,
Defendant paid $1,036,884.08 on Plaintiff's policies in November
and December of 2017.[9]  These payments fell short of the total
billed to Plaintiff by the remediation service.[10]  Defendant was
notified of this discrepancy.  In February of 2018 the adjuster

---

[6]FEMA Memorandum, Exhibit A to Plaintiff's Response to
Defendant's MSJ, Docket Entry No. 16-2, p. 5.

[7]See Affidavit of J. Scott Lapine, Exhibit A to Defendant's
MSJ, Docket Entry No. 13-2, pp. 5-6 ¶¶ 16-17 (stating that
Plaintiff did not submit any proof of loss); Plaintiff's Memorandum
in Support of Response, Docket Entry No. 16-1, attachment 1 to
Plaintiff's Response to Defendant's MSJ, pp. 3-5 (arguing that the
proof-of-loss requirement was waived by either FEMA or Defendant,
not that it was satisfied).

[8]Complaint, Docket Entry No. 1, p. 3 ¶¶ 7-8.

[9]Flood Claim Response Letters, Exhibit G to Defendant's MSJ,
Docket Entry No. 13-2, pp. 169-175.

[10]Complaint, Docket Entry No. 1, p. 3 ¶ 7.

submitted to Defendant at least one supplemental report stating that Plaintiff had hired the remediation service and that detailed information about those services had not been provided.[11] Defendant did not pay any more to Plaintiff under the policy.[12]

On January 14, 2019, Plaintiff filed this action to recover the difference between the amount paid and the amount it owed for the remediation service.[13] On January 10, 2020, Defendant filed its Motion for Summary Judgment on the grounds that Plaintiff's lawsuit was barred by a failure to submit proof of loss for its claims.[14] Plaintiff filed its response on April 24, 2020,[15] and Defendant replied on May 1, 2020.[16]

## II.  **Standard of Review**

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such

---

[11]See Colonial Claims Supplement #87051524582017, Exhibit D-3 to Plaintiff's Response to Defendant's MSJ, Docket Entry No. 16-2, pp. 99-100.

[12]Complaint, Docket Entry No. 1, p. 3 ¶ 8.

[13]Id. at 1.

[14]Defendant's MSJ, Docket Entry No. 13.

[15]Plaintiff's Response to Defendant's MSJ, Docket Entry No. 16.

[16]Defendant's Reply Memorandum in Support of Motion for Summary Judgment, Docket Entry No. 17.

that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting <u>Celotex</u>, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." <u>Id.</u> If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. <u>Id.</u> The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." <u>Reeves v.</u>

-5-

Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).
The court resolves factual controversies in favor of the nonmovant,
"but only when there is an actual controversy, that is, when both
parties have submitted evidence of contradictory facts." Little,
37 F.3d at 1075.

### III.  Analysis

Defendant contends that Plaintiff's claims fail as a matter of
law because of the failure to comply with the SFIP's proof-of-loss
requirement.[17]  Plaintiff acknowledges that it did not submit proof
of loss.  Plaintiff argues that (1) FEMA waived the proof-of-loss
requirement, and (2) Defendant waived the requirement by processing
the initial claims without a proof-of-loss.[18]

Plaintiff cites FEMA press releases in support of its argument
that FEMA waived the requirement.  In a memo dated September 3,
2017, the FEMA administrator announced that:

> To allow enough time for policyholders to evaluate their
> losses and the adjusters' reports, I am waiving the sixty
> (60)-day proof of loss deadline requirement.  The
> deadline for submitting a compliant proof of loss for
> Hurricane Harvey is 365 days (one year) from the date of
> loss.[19]

---

[17]Memorandum in Support of Motion for Summary Judgment on
Behalf of Philadelphia Indemnity Insurance Company, attachment 1 to
Defendant's MSJ, Docket Entry No. 13-1, pp. 7-8.

[18]Plaintiff's Memorandum in Support of Response, attachment 1
to Plaintiff's Response to Defendant's MSJ, Docket Entry No. 16-1,
pp. 3-5.

[19]FEMA Memorandum, Exhibit A to Plaintiff's Response to
Defendant's MSJ, Docket Entry No. 16-2, p. 5.

On August 27, 2018, FEMA announced that it would not further extend the deadline, but that "[p]olicyholders should continue to work with their insurers, and the NFIP will pay all proved and agreed-to claims, even after the deadline."[20]  The announcement specified, however, that "[e]ven after the one year Proof of Loss deadline, policyholders [needed] . . . to submit a Proof of Loss if the policyholder" was "not satisfied with their payment."[21]  These statements do not establish waiver of the proof-of-loss requirement.  See Marseilles, 542 F.3d at 1057 (holding that an extension of the proof-of-loss deadline did not waive it as a pre-suit requirement).  Moreover, the documents explicitly state that policyholders must still submit a proof of loss.  Plaintiff's argument that the documents indicate FEMA waived the requirement lacks merit.

Alternatively, Plaintiff argues that there is at least a question as to whether Defendant waived the proof-of-loss requirement because Defendant made its initial payments based on the adjuster's report without proof of loss and the adjuster submitted supplemental reports.  This argument misunderstands Defendant's role as an agent of the federal government in administering the NFIP.  Because the NFIP is a federal program implicating federal funds, a person seeking those funds is

---

[20]FEMA Press Release HQ-18-107, Exhibit B to Plaintiff's Response to Defendant's MSJ, Docket Entry No. 16-2, p. 7.

[21]Id.

obligated to be familiar with the legal requirements for their receipt. <u>Wright v. Allstate Insurance Co.,</u> 415 F.3d 384, 389 (5th Cir. 2005). "The terms of the SFIP are dictated by FEMA, and cannot be waived or modified by [the private carrier]." <u>Id.</u> Because Defendant lacked the legal ability to waive the SFIP's proof-of-loss requirement, Plaintiff cannot show waiver by pointing to Defendant's conduct.

Articles VII(J) and VII(R) of the SFIP operate as a strict requirement that precludes suit if no proof of loss is submitted. <u>Ferraro v. Liberty Mutual Fire Insurance Co.,</u> 796 F.3d 529, 532 (5th Cir. 2015). Because Plaintiff does not dispute that it failed to meet this requirement and its legal arguments as to waiver lack merit, the court will grant Defendant's MSJ. <u>See id.</u> at 534.

## IV.  <u>Conclusion and Order</u>

For the reasons explained above, the court concludes that Plaintiff has not met the conditions required under the Standard Flood Insurance Plan to bring this action against Defendant. Defendant's Motion for Summary Judgment on Behalf of Philadelphia Indemnity Insurance Company (Docket Entry No. 13) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this the 16th day of June, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE